# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RANDALL BOLEY**, | : |
| | : |
| Plaintiff, | : |
| | : CASE NO. 3:20-cv-2378 |
| v. | : |
| | : JUDGE |
| **TAIHO CORPORATION OF AMERICA,** | : |
| c/o CT Corporation System | : MAGISTRATE JUDGE |
| 4400 Easton Commons Way | : |
| Suite 125 | : **JURY DEMAND ENDORSED HEREON** |
| Columbus, OH 43219 | : |
| | : |
| Defendant. | : |

## COMPLAINT FOR VIOLATIONS OF THE FMLA

Now comes Plaintiff, Randall Boley ("Plaintiff" or "Boley"), for his Complaint against Defendant, Taiho Corporation of America ("Defendant" or "Taiho"), who, based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others, hereby states as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. Named Plaintiff brings this action to obtain relief provided in the FMLA as a result of Defendant's retaliatory and interfering conduct toward him resulting in loss of wages, compensation, and benefits. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because Plaintiff entered into an employment relationship with Defendant in Seneca County, Ohio. Plaintiff brings this action to redress injuries committed against him as a result of Defendant's actions.

## PARTIES

### A. Plaintiff

3. Plaintiff is an adult individual residing in this District and Division.

4. Plaintiff was employed by Defendant from approximately December 2016 to July 2020 as a machine operator.

5. At all relevant times, Plaintiff was an "eligible employee" as defined by the FMLA in that he was employed by Defendant for at least twelve (12) months and for at least 1,250 hours of service during the twelve (12) months before he sought FMLA leave from Defendant.

### B. Defendant

6. Defendant is a foreign corporation that is registered to conduct business in Ohio. Upon information and belief, Defendant's principal place of business is located at 194 Heritage Drive, Tiffin, Ohio 44883.

7. At all relevant times, Defendant conducted business in the Northern District of Ohio.

8. At all relevant times, Defendant was a "covered employer" as defined by the FMLA.

9. During relevant times, Defendant maintained control, oversight, and direction over Plaintiff, including the promulgation and enforcement of policies affecting FMLA medical leave and other matters relevant to this action.

## FACTUAL ALLEGATIONS

10. On or about February 15, 2020, Plaintiff went on FMLA medical leave to care for his father.

11. Defendant approved Plaintiff's FMLA medical leave.

12. In March of 2020, Defendant's operations shut down and Plaintiff began receiving unemployment benefits.

13. In June of 2020, Defendant resumed operations and Plaintiff resumed his FMLA medical leave.

14. Defendant called Plaintiff approximately once a week or once every two weeks, generally on Thursday or Friday, to check-in with Plaintiff.

15. On Wednesday, July 15, 2020, a human resource representative ("HR") of Defendant called Plaintiff and informed him that his employment with Defendant was being terminated.

16. HR informed Plaintiff the reason for his termination was due to Plaintiff being a no call, no show for the prior two (2) days.

17. Plaintiff was not scheduled to work on the days HR stated Plaintiff was a no call, no show; and Plaintiff had been actively communicating with HR regarding his FMLA medical leave.

18. Plaintiff reminded HR that he was still on FMLA medical leave.

19. HR stated they knew that Plaintiff was on FMLA medical leave, but that HR did not know how to code this information into the system, so instead, HR coded it as a no call, no show.

20. Despite HR's assertion that they did not know how to code Plaintiff as being on FMLA medical leave, HR had properly coded Plaintiff's FMLA medical leave for the previous eight (8) weeks.

21. In fact, Plaintiff's Earning Statement for the pay period beginning June 22, 2020 and ending July 5, 2020 clearly states that Plaintiff was on FMLA medical leave each workday that week.

22. Defendant's purported reasoning for terminating Plaintiff's employment is merely pretext for Defendant retaliating against Plaintiff for taking FMLA medical leave.

23. Defendant retaliated against Plaintiff for taking FMLA medical leave, or otherwise interfered with his ability to take FMLA medical leave.

## COUNT I
## 29 U.S.C. § 2615, *et seq.* – FMLA INTERFERENCE WITH RIGHTS AND RETALIATION

24. All of the preceding paragraphs are realleged as if fully rewritten herein.

25. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2).

26. At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4)(A).

27. Plaintiff's request for, and use of, FMLA leave beginning on or around February 15, 2020 was for a "serious health condition" as defined by 29 U.S.C. § 2611(11)(B).

28. While on FMLA medical leave, Defendant terminated Plaintiff for not showing up to work, despite knowing that Plaintiff was on FMLA medical leave.

29. Pursuant to 29 U.S.C. § 2615(a)(1), it is unlawful for an employer to interfere with an employee's right to exercise FMLA leave. An employer is also prohibited from discriminating or retaliating against an employee who exercises a right under the FMLA. See 29 U.S.C. § 2615(a)(2).

30. Defendant has willfully and/or recklessly retaliated against, interfered with, restrained, and/or denied Plaintiff's rights in violation of the FMLA, by (1) not allowing him to exercise FMLA leave, and (2) terminating Plaintiff in retaliation for exercising his rights to use FMLA medical leave, or otherwise terminating Plaintiff to interfere with his future FMLA rights.

31. As a result of Defendant's interference and retaliation, Plaintiff was harmed in the fact that he was unlawfully terminated while exercising his FMLA rights and denied benefits to which he is entitled under the FMLA.

32. Defendant lacked good faith to believe it had not violated the FMLA in its actions.

33. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits as well as time and money in

endeavoring to protect himself from Defendant, comprised of costs and attorneys' fees in accordance with 29 U.S.C. § 2617(a).

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays that this Honorable Court award back pay and benefits, front pay and benefits, and additional damages to be determined at trial, including but not limited to statutory damages, compensatory damages, liquidated damages, punitive damages, pre-judgment interest, post-judgment interest, costs, attorneys' fees, and all other relief the Court deems just and appropriate.

>Respectfully submitted,
>
>**COFFMAN LEGAL, LLC**
>
>*/s/ Matthew J.P. Coffman*
>Matthew J.P. Coffman (0085586)
>Adam C. Gedling (0085256)
>1550 Old Henderson Road, Suite 126
>Columbus, Ohio 43220
>Phone: 614-949-1181
>Fax: 614-386-9964
>Email: mcoffman@mcoffmanlegal.com
>　　　　agedling@mcoffmanlegal.com
>
>*Attorneys for Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff demands a trial by jury of eight (8) persons.

>*/s/ Matthew J.P. Coffman*
>Matthew J.P. Coffman

5